# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD SCHROEDER,

    Plaintiff,

  v.                                      Case No. 10-C-0232

DOUG DRANKIEWICZ and KARL HELD,

    Defendants.

## DECISION AND ORDER

Plaintiff Ronald Schroeder, who is proceeding pro se, filed a complaint against the defendants in Waukesha County Circuit Court regarding their involvement in his attempt while in prison to mail cards to his minor daughters. In a Decision and Order entered March 5, 2012, the court denied the plaintiff's motion for partial summary judgment and granted the defendants' motion for summary judgment. Judgment was entered on March 8, 2012, and the plaintiff filed a motion for reconsideration and a motion to add additional facts on March 19, 2012. These motions are fully briefed and now before the court.

### PLAINTIFF'S MOTION TO MAKE ADDITIONAL FINDINGS OF FACT

The plaintiff asks the court to make additional findings of fact pursuant to Federal Rule of Civil Procedure 52(b), which provides:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

However, Rule 52(b) is not meant to be a vehicle to re-litigate the issues in a case or

advance new legal theories.  See Diebitz v. Arreola, 834 F. Supp. 298, 302-03 (E.D. Wis. 1993).  Rather, it requires the moving party to establish that the court made a manifest error or law or fact, or show a change in the law or newly discovered evidence affecting the findings or judgment.  Id.

The plaintiff seeks to make page 28 of his presentence investigation report (PSI) part of the record.  He cites to the court's statement that, "The full PSI is not in the record before this court, so it is unclear what particular conditions were proposed on page 28." (Decision and Order, p. 11, Docket #37).  The plaintiff argues that this finding is crucial because a dispute of fact exists as to whether the defendants acted contrary to the trial court's statement, which he considers a "direct court order."  Id.

Rule 52(a)(3) provides, "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56."  Moreover, any statement as to page 28 is not material to this court's decision on the defendants' motion for summary judgment, which concluded that the defendants did not violate the language of the judgment of conviction, which was controlling.  This motion will be denied.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff bases his motion for reconsideration on Federal Rule of Civil Procedure 59(e) and argues that the court made manifest errors of law and fact.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)).  Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or

should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff argues that he is not introducing new evidence, even though he wants the court to consider page 28 of the PSI. Rather, he submits that he is showing that the court made manifest errors of fact or law.

As an initial matter, this information could have and should have been presented to the court prior to judgment. The plaintiff provides no reason why the page of the PSI was not submitted earlier. There is no suggestion that the PSI was unavailable to the plaintiff during briefing on the motions for summary judgment. If he had wanted the PSI (or a portion thereof) to be part of the record, he should have submitted it to the court at that time.

In any event, the specific language of page 28 of the PSI is immaterial to the court's decision and does not change the outcome of this case. The plaintiff once again fails to understand that neither the language of the PSI, nor the trial court's remarks at sentencing are controlling. Rather, only the language of the judgment of conviction mattered and that language prohibited the plaintiff from having unsupervised contact with minors until the judgment subsequently was amended. The plaintiff has not shown a manifest error of law or fact and, therefore, the motion for reconsideration will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration be and hereby is **denied**. (Docket #39).

**IT IS FURTHER ORDERED** that the plaintiff's motion to make additional findings of fact be and hereby is **denied**. (Docket #40).

Dated at Milwaukee, Wisconsin this  4th  day of May, 2012.

BY THE COURT:

 s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge